IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES R. PRICE,                              :
                                             :
       Plaintiff,                      :
                                             :  Case No. 2:07-CV-0933
   v.                                        :
                                             :  JUDGE ALGENON L. MARBLEY
BOARD OF TRUSTEES OF THE INDIANA             :
LABORER'S PENSION FUND, ET AL.               :  Magistrate Judge Kemp
                                             :
       Defendant.                      :
                                             :

## OPINION AND ORDER

### I. INTRODUCTION

This matter comes before the Court on Plaintiff James R. Price's ("Price") Motion to Alter or Amend the Judgment. Price moves to alter or amend the Court's decision granting Price's Motion for Judgment on the Administrative Record. For the reasons stated below, Price's Motion to Alter or Amend Judgment is **GRANTED**.

### II. BACKGROUND

The Court ruled in its Opinion and Order on Price's Motion for Judgment on the Administrative Record (the "Order") that Price had a vested interest in the multi-employer employee benefit pension benefit plan (the "Plan") under which he had been receiving Occupational Disability Benefits (the "Benefits"). *Price v. Bd. of Trustees of the Indiana Laborer's Pension Fund.*, No. 2:07-CV-0933, 2009 WL 799639, at *4 (S.D. Ohio March 24, 2009). In its Order, the Court ruled that the Sixth Amendment (the "Amendment") to the Plan divested Price of his vested interest in the Plan. *Id.* The Court acknowledged the right of the

Board to amend the Plan, but held that the Board cannot divest Price of his vested interest. *Id.* Thus, the Court held that the Board was prohibited from applying the Amendment to Price in determining his eligibility for the Benefits. *Id.* The Court therefore granted Price's Motion for Judgment and ordered Price's benefits be reinstated. *Id.* at *5. Price moves the Court to alter or amend the judgment so as to include a remedy.

### III. STANDARD OF REVIEW

Fed. R. Civ. P. 59(e) permits parties to move for a court to alter or amend a previously issued judgment. The Court will only grant a Rule 59(e) motion where the moving party establishes one of the following: (1) a clear error of law; (2) newly discovered evidence not previously available to the parties; (3) an intervening change in law; or (4) manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).

### IV. LAW AND ANALYSIS

In Price's Motion for Judgment, the only relief Price requested was that the Court enter judgment for Price and direct the Defendants to reinstate his Benefits. The Court granted this relief. Price now requests that the Court direct the Defendants to: (1) pay Benefits that have accrued since January 1, 2007 to the date of judgment in the amount of $10,536.12; (2) pay pre-judgment interest on that sum; and (3) begin paying Price a monthly Benefit in the amount of $501.72 beginning with the month of April 2009 and continuing for so long as Price remains eligible to receive the Benefits. Price's Motion to Alter or Amend Judgment appears to be based on a claim of manifest injustice.

A court may only reinstate benefits if the plaintiff clearly established that the plaintiff was entitled to those benefits. *Cooper v. Life Ins. Co. of N. A.,* 486 F.3d 157, 171 (6th Cir. 2007). If the plaintiff has not clearly established entitlement to those benefits, the appropriate remedy is remand to the plan administrator. *Id.* In *Cooper*, remand was not required because the claimant had clearly established her disability under the plan. *Id.*

This Court already ordered that Price's benefits be reinstated. Therefore, the third request has been granted. This Court did not specify in its Order the amount for which the Benefits should be reinstated. The evidence establishes that since 2001, Price's monthly Benefits had been $501.72 per month. Therefore, to clarify in case there was any doubt as to the amount of Benefits that should be reinstated, the Benefits should be reinstated for $501.72 per month.

The evidence in the record demonstrates that Price was clearly entitled to Benefits at the time his Benefits were terminated, and there has been no evidence supporting that he is not still disabled. This Court recognizes that Price must continue to meet all the other terms and conditions of the Plan and that Defendants may require continued proof of disability for the Benefits to continue. *Cooper*, 486 F.3d 157, 159, 173. Pursuant to the Plan, the participant is only entitled to Benefits if he submits the required paperwork.[1] The Plan also requires the participant to submit to a medical examination **when requested** to show continuing disability.[2]

---

[1] The Plan requires the participant to submit federal income tax forms, such as form W-2 or form 1099 each year. See Art. 7A.3-4. The Plan also requires the participant to submit evidence of supplemental income. See Art. 7A.7(c).

[2] While the Board waived the medical examination for 2007, that waiver was only for one year. The Board may require Price to now submit to a medical examination. Price is only entitled to continued Benefits under the Plan if he follows both the procedures set forth in the Plan and remains disabled.

Nevertheless, "Plan administrators should not be given two bites at the proverbial apple where the claimant is clearly entitled to disability benefits. They need to properly and fairly evaluate the claim the first time around." *Cooper*, 486 F.3d at 172. Therefore, an award of retroactive Benefits in addition to reinstatement of Benefits is appropriate.

Prejudgment interest may be awarded in the Court's discretion. *Tiemeyer v. Cmty. Mutual Ins. Co.*, 8 F.3d 1094, 1102 (6th Cir. 1993) (citing *Bricklayers' Pension Trust Fund v. Taiariol*, 671 F.2d 988, 990 (6th Cir. 1982)). The Sixth Circuit generally awards beneficiaries prejudgment interest on benefits wrongfully withheld because "'[a]ny additional time one gains, rightfully or wrongfully, in not having to submit payment of a sum of money owed another is without a doubt a benefit'" and the beneficiary "'... has been deprived of the benefit of those payments.'" *Id.* (quoting *Sweet v. Consol. Aluminum Corp.*, 913 F.2d 268, 270 (6th Cir. 1990)). Allowing a defendant "to retain the interest it earned on funds wrongfully withheld from a beneficiary would be to approve of an unjust enrichment." *Id.* And without an award of prejudgment interest "the relief granted would fall short of making the beneficiary whole because he has been denied the use of money which was his." *Id.* The case sub judice is the type of case in which an award of prejudgment interest is appropriate.

Though Price did not request retroactive Benefits and prejudgment interest, it would be a manifest injustice if he is not granted these remedies, as he was clearly entitled to Benefits in January 2007 when his Benefits were terminated.[3]

---

[3] The Board's contention that Price's motion should be denied because the Board intends to appeal is not well taken. It is irrelevant to this Court's reasoning that the Board intends to appeal. A Memorandum in Opposition to a Motion to Alter or Amend the Judgment is not the proper forum to raise the intention to appeal.

## V. CONCLUSION

For the foregoing reasons, Price's Motion to Alter or Amend the Judgment is **GRANTED**. Defendants are **ORDERED** to (1) pay benefits that have accrued since January 1, 2007 to the date of judgment in the amount of $10,536.12; (2) pay pre-judgment interest on that sum; and (3) begin paying Price a monthly Benefit in the amount of $501.72 beginning with the month of April 2009 and continuing for so long as Price remains eligible to receive the Benefits.[4]

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: July 2, 2009**

---

[4] As recognized before, this Court already granted reinstatement. This order merely specifies the amount of reinstatement payments based on the evidence presented as to the amount Price was receiving when his Benefits were terminated.