**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES R. PRICE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 07-CV-933** |
| v. | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **BOARD OF TRUSTEES OF THE** | : | **Magistrate Judge Terrence P. Kemp** |
| **INDIANA LABORER'S PENSION** | : | |
| **FUND,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on the Parties' cross-motions for judgment on the

administrative record (Docs. 51 & 52). For the reasons that follow, the Plaintiff's motion is

**GRANTED** and the Defendants' motion is **DENIED**.

### II. BACKGROUND

Plaintiff James R. Price, formerly a member of the State District Counsel of Laborer's

Hod Carriers Union, participated in the Indiana Laborer's Pension Fund ("Fund"). As required

by the Employee Retirement Income Security Act of 1974 ("ERISA"), the Fund had an

employee benefit plan ("Plan"). Price was injured in 1990, rendering him unable to work. He

subsequently applied for and received a disability benefit from the Fund on account of his status

as "totally and permanently disabled." In 2001, following a medical examination, the Board of

Trustees of the Indiana Laborer's Pension Fund ("Board") determined that Price was no longer

totally disabled but could receive an Occupational Disability Benefit until he reached early

retirement age. This benefit was reapproved every year from 2002 to 2005, at which point he was told he would not need to continue seeking annual approval.

The right to amend the Plan at any time is afforded to the Board as long as no amendment "results in reduced benefits for any Participant *whose rights have already become vested* under the provisions of the Plan on the date the amendment is made, except upon the advice and counsel of an enrolled actuary." Plan § 15.1 (emphasis added). The Plan's description of Occupational Disability Benefits does not provide any description of the benefits as being "vested" or "able to vest." In fact, the word "vested" only occurs once in the Occupational Disability Benefit section of the Plan, describing that the amount of the benefit "shall be a monthly benefit equal to 65 percent of the Participant's vested Accrued Benefit, unreduced for early payment." Plan § 7A.2.

In January, 2006, the Plan was amended to limit recipients of Occupational Disability Benefits to two years of benefits. As a result, Price received notification that his benefits would be terminated on January 1, 2007. Price unsuccessfully appealed the decision to terminate his benefits to the Board. Under the rules of the Fund, the Board had the exclusive right to interpret and determine any question arising under the Plan. The Plan provides that the Board's decisions are final unless a court with jurisdiction determines them to be arbitrary and capricious. Plan § 11.9.

Following the rejection of his appeal, Price commenced this lawsuit by filing a complaint on September 14, 2007, against the Board and the Fund (collectively, "Defendants") under 29 U.S.C. § 1132(a)(1)(B) (Doc. 1). The Parties filed cross-motions for judgment as a matter of law (Docs. 22 & 23), and the Court denied the Defendants' motion and granted the Plaintiff's motion on March 24, 2009 (Doc. 27). The Court subsequently ordered Defendants to pay the Plaintiff

$10,536.12, pre-judgment interest, and monthly payments of $501.72 beginning in April of 2009 (Doc. 36).

The Defendants appealed (Doc. 37). On January 18, 2011, the Court of Appeals vacated this Court's entry of judgment in favor of the Plaintiff and remanded the case for reconsideration. *Price v. Bd. of Trs. of the Ind. Laborer's Pension Fund*, 632 F.3d 288, 298 (6th Cir. 2011). The matter has now been fully briefed and is ripe for review.

### III. STANDARD OF REVIEW

To determine "whether Price's Occupational Disability Benefits vested under the terms of this Plan," the Court reviews "the administrator's decision under the arbitrary and capricious standard." *Price*, 632 F.3d at 295. Under that standard, the Court "must uphold the administrator's decision if the administrator's interpretation of the Plan's provisions is reasonable." *Id.* (quotation omitted). A determination will not be held to be arbitrary and capricious if "it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome." *Williams v. International Paper Co*., 227 F.3d 706, 712 (6th Cir. 2000) (internal quotations omitted). Courts look to the reasoning as articulated by the administrative body; post-hoc reasoning does not suffice to justify a decision. *See University Hosps. v. Emerson Elec. Co.*, 202 F.3d 839, 849 n.7 (6th Cir. 2000). The Court may use "common-law principles as aids in undertaking this review, and look[s] to the terms of the Plan to determine whether or not the Board's interpretation was reasonable." *Price*, 632 F.3d at 296 (citing *Marrs v. Motorola Inc.*, 577 F.3d 783, 786–87 (7th Cir. 2009)).

### IV. LAW AND ANALYSIS

The question before the Court is whether the Board's conclusion that the Plaintiff's benefits vested under the terms of the Plan is reasonable.

The Sixth Circuit has provided this Court with two alternative modes of analyzing the Board's decision. The majority opinion construes the term "vested" in light of Section 9.2. That section incorporates the term "Accrued Benefit," which section 2.1(a) defines with reference to Section 4.2. Section 4.2 pertains specifically to Retirement Benefits. In contrast, Article 7A, governing Occupational Disability Benefits, contains no specific vesting language. Based on this context, the majority concluded that the Board reasonably determined that "vesting" applies in the Retirement Benefit scheme but not for Occupational Disability Benefits. *See Price*, 632 F.3d at 297. The Defendants urge this Court to adopt the majority's view.

The concurring opinion took the opposite view: It was arbitrary and capricious for the Board to conclude that a benefit promised to the Plaintiff until he reached early retirement age so long as he remained disabled terminated based on a subsequently-enacted amendment. *See Price*, 632 F.3d at 298–99. According to the concurrence, "[t]he decision to award the benefit package was a single and discrete event that was complete at the time the Plan made the award decision, and that conferred enforceable contract rights and obligations on each party." *Id*. at 299. The Plaintiff urges this Court to adopt the concurring judge's view.

The problem that this Court now faces is that the Board's decision did not include a statement of its reasoning. The decision consisted of a one-page letter to the Plaintiff briefly recounting the procedural history of the Plaintiff's benefits followed by a paragraph concerning his appeal. That paragraph reads in full as follows:

The Fund Office received a written appeal, from your Attorney Tony Merry, in regard to the above stated benefit. The appeal was reviewed at the Pension Appeal Committee meeting on February 21, 2007. The Committee's decision was to uphold the denial of Occupational Disability Benefits.

4

(Doc. 19-1 at 43). Nor was the Trustees' initial notice of the termination of benefits more elaborate. That notice merely quoted the Plan amendments and stated that the Plaintiff was no longer eligible for Occupational Disability Benefits (Doc. 19-1 at 35). As the Plaintiff notes, neither of these decisions interpreted the term "vested," the term upon which this case now rests.

The Defendants' proffered rationale for upholding the Board's decision seems to be the type of post-hoc reasoning that the Sixth Circuit has barred from this Court's consideration. *See University Hosps.*, 202 F.3d at 849 n.7. Where an administrator's decision "reads like a conclusion, not a 'deliberate, principled reasoning process . . . supported by substantial evidence,'" it "cannot withstand scrutiny under the 'arbitrary or capricious' standard of review." *Bennett v. Kemper Nat'l Servs.,* 514 F.3d 547, 556 (6th Cir. 2008) (quoting *Glenn v. MetLife (Metro. Life Ins. Co.)*, 461 F.3d 660, 666 (6th Cir. 2006)). *Accord King v. Hartford Life & Accident Ins. Co*., 414 F.3d 994, 999 (8th Cir. 2005) ("Because ERISA requires employee benefit plans to 'provide adequate notice' to any participant or beneficiary whose claim is denied, 'setting forth the specific reasons for such denial' in a manner 'calculated to be understood by the participant,' 29 U.S.C. § 1133, we have held that plan trustees must 'briefly state the facts of the case and the rationale for their decision,' . . . and we have refused to allow claimants 'to be sandbagged by after-the-fact plan interpretations devised for purposes of litigation' . . . .''); *Halpin v. W.W. Grainger, Inc*., 962 F.2d 685, 696 (7th Cir. 1992) ("'A post hoc attempt to furnish a rationale for a denial of . . . benefits in order to avoid reversal on appeal, and thus meaningful review' is not acceptable.") (quoting *Short v. Central States, S.E. & S.W. Areas Pension Fund*, 729 F.2d 567, 575 (8th Cir. 1984)). The Court therefore concludes that the Board's failure to articulate the reasoning of its decision—or to in any way address whether the Plaintiff's benefits had vested—renders its determination arbitrary and capricious.

The question now is whether the Court should remand the case for further consideration by the Trustees. The Sixth Circuit has explicitly refused to adopt a categorical rule on whether remand or an order awarding benefits is the proper remedy where a plan administrator has acted arbitrarily and capriciously. *Elliott v. Metro. Life Ins. Co.*, 473 F.3d 613, 622 (6th Cir. 2006). This Circuit has instead stated that remand, not an interim order to continue benefits, is the appropriate remedy when a problem has been found with the administrator's decision-making process or where the decision maker failed to provide adequate findings or reasoning for its decision to deny a participant's application for benefits. *Id.* (see also *Univ. Hospitals v. Emerson Electric Co.*, 202 F.3d 839, 852 n.13 (6th Cir. 2000)). Remand is particularly appropriate where there are factual disputes that require the specialized knowledge of the administrator. *See id.* at 622–23. Only where a claimant is "clearly entitled" to benefits should a district court award retroactive benefits rather than remand the case to the administrator. *Id.*; *see also Helfman v. GE Group Life Assurance Co.*, 573 F.3d 383, 396 (6th Cir. 2009) (upholding the "clearly entitled" standard for an award of retroactive benefits).

The Court deems this case unsuitable for remand as the Plaintiff is clearly entitled to a retroactive award of benefits. The issue in this case does not depend upon a weighing of evidence or of any specialized knowledge belonging to the Plan administrator. The issue, rather, is whether it is reasonable under ERISA and the language of the Plan to conclude that the Plaintiff's benefits had not vested and that they could therefore be amended at any time. For the reasons set forth in the Sixth Circuit's concurring opinion, this Court concludes that such an interpretation is categorically unreasonable. As the concurrence notes, neither Party nor the Court has been able to locate an ERISA welfare benefit case in which a Plan possesses "the power to unilaterally change or eliminate a benefit conferred." *Price*, 632 F.3d at 301.

The Plaintiff has cited to a treatise and a number of decisions from this Circuit and elsewhere in which administrators were prohibited from amending benefits already granted except by the express terms of the Plan. *See, e.g., Wulf v. Quantum Chemical Corp.*, 26 F.3d 1368, 1378 (6th Cir. 1994); *Blackshear v. Reliance Standard Life Ins. Co.*, 509 F.3d 634, 815 (4th Cir. 2007); *Confer v. Custom Engineering Co.*, 952 F.2d 41, 44 (3rd Cir. 1991) (per curiam); *Howe v. Varity Corp*, 896 F.2d 1107, 1100–11 (8th Cir. 1990); S. Sacher & J. Singer, *Employee Benefits Law*, 1052–53 (ABA Section of Labor and Employment Law 2000). The Defendant has attempted to distinguish each of these cases from the one *sub judice* but nevertheless has not identified a single case ruling the other way. In the light of this overwhelming authority, the Court will "treat[] this case . . . in the same way federal courts routinely treat ERISA disability cases involving benefits provided through a private insurance contract." *Price*, 632 F.3d at 301. The Plaintiff's motion is accordingly **GRANTED,** and the Defendants' is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Plaintiff's Second Motion for Judgment on the Administrative Record (Doc. 52) and **DENIES** the Defendants' Motion for Judgment on the Administrative Record (Doc. 51). The Court further **ORDERS** that its entry of judgment in favor of the Plaintiff be reinstated (Doc. 36).


**IT IS SO ORDERED.**


                                           **s/Algenon L. Marbley**
                                           **Algenon L. Marbley**
                                         **United States District Court Judge**

**DATE:** September 7, 2011