IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES R. PRICE,  :
:
    Plaintiff,  :
:    Case No. 07-CV-933
v.  :
:
BOARD OF TRUSTEES OF THE  :    JUDGE ALGENON L. MARBLEY
INDIANA LABORER'S PENSION  :
FUND, et al.,  :    Magistrate Judge Terrence P. Kemp
:
    Defendants.  :

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on the Plaintiff James R. Price's Second Motion for Attorney's Fees. (Doc. 64.) For the following reasons, the Motion is **GRANTED**.

### II. BACKGROUND

The facts of this case are undisputed, and it is unnecessary to restate them here at length. They have been recited by both this Court and the Sixth Circuit Court of Appeals on various occasions. (*See* Doc. 27, 40, 45, 62.) It is enough to incorporate the facts by reference, and provide a terse summary of facts pertinent to this Motion below.

This action for benefits under an employee benefit plan established and maintained in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA") is before the Court for a second time following remand from the Sixth Circuit. On March 24, 2009, this Court granted Price's Motion for Judgment on the Administrative Record, and ordered Defendants Board of Trustees of the Indiana Laborer's Pension Fund and Indiana Laborer's Pension Fund (collectively referred to as "Defendants") to reinstated his benefits. (Doc. 23, 27.) Price moved

for an award of attorney's fees under 29 U.S.C. § 1132(g)(1), and his motion was granted. (Doc. 32, 40.)

Defendants appealed both the underlying judgment and the award of attorney's fees. (Doc. 37, 43.) The Sixth Circuit vacated and remanded this Court's decision on the merits and vacated the award of attorney's fees, reasoning that this Court applied the incorrect standard of review when analyzing Price's claims. *Price v. Bd. of Trs. of Indiana Laborer's Pension Fund*, 632 F.3d 288, 290 (6th Cir. 2011). When determining whether Price's benefits vested under the terms of his plan, the Circuit explained, this Court is to review "the administrator's decision under the arbitrary and capricious standard." *Id.* at 295. Under that standard, the Court "must uphold the administrator's decision if the interpretation of the Plan's provisions is reasonable." *Id.*

On remand, this Court determined that "the Board's failure to articulate the reasoning of its decision—or to in any way address whether the Plaintiff's benefits had vested—renders its determination arbitrary and capricious." (Doc. 62 at 5.) This Court also determined that it was unnecessary to remand this case to the Board for further consideration because Price was clearly entitled to a retroactive award of benefits. (*Id.* at 6.) Adopting the reasoning set forth in the Sixth Circuit Panel's concurrence, this Court found that it was categorically unreasonable to interpret ERISA and the language of Price's plan as indicating that his benefits had not vested and that they could, therefore, be amended at any time. (*Id.*) (citing *Price*, 632 F.3d at 301). The Court granted Price's Second Motion for Judgment on the Administrative Record, (Doc. 52, 62), and this Second Motion for Attorney's Fees followed, (Doc. 64), which is now ripe for review.

### III. STANDARD OF REVIEW

In any action brought by a participant in an ERISA plan, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Sixth Circuit "recognizes no presumption as to whether attorney fees will be awarded." *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 936 (6th Cir. 1996).

To determine whether an award of attorney's fees is justified, courts in the Sixth Circuit use the five-factor test set forth in *Sec'y of Dep't of Labor v. King*: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. 775 F.2d 666, 669 (6th Cir. 1985). "No single factor is determinative, and thus, the district court must consider each factor before exercising its discretion." *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642–43 (6th Cir. 2006).

### IV. LAW AND ANALYSIS

*A. King Factors*

<u>1. Degree of Culpability or Bad Faith</u>

Price argues that Defendants were culpable because they took a position that was devoid of case law support, and that the reasoning in this Court's Opinion and Order awarding attorney's fees in the first instances still applies. Defendants argue the Panel's majority opinion forecloses any conclusion that the Board's decision was not reasonable, and therefore, there was no culpability or bad faith.

This Circuit has held that "the election of the disjunctive 'or' in *King* demonstrates, culpability and bad faith are not the same." *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 940 (6th Cir. 1996). While "bad faith" has been defined as "arbitrary, reckless, indifferent, or intentional disregard of the interests of the person owed a duty," *Benkert v. Med. Protective Co.*, 842 F.3d 144, 149 (6th Cir. 1988), "culpability" is defined as "blameworthiness," merely "implying that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose." *Foltice*, 98 F.3d at 940 (citing *Werner v. Upjohn Co., Inc.*, 628 F.2d 848, 856–57 (4th Cir. 1980), *cert. denied*, 449 U.S. 1080 (1981)).

Given this distinction, this Court finds that the Board engaged in culpable conduct when it provided no statement of its reasoning for denying benefits in its letter to Price. As this Court explained in its Opinion and Order granting Price's Second Motion for judgment on the Administrative Record, the Sixth Circuit has held post-hoc reasoning by a plan arbitrator does not withstand scrutiny under the arbitrary and capricious standard of review. (Doc. 62 at 5) (citations omitted). Defendant's conduct is blameworthy because the practical effect of the plan amendment was to deprive Price of benefits that had already been awarded, and this was done by the Board without explanation. The plan promised to pay Price benefits until the later of early retirement age or the end of disability status, and the Board's amendment to the plan abrogated this promise. While there is no evidence that the Board acted with malice or a guilty purpose when it amended its plan, its conduct was reprehensible or wrong in that it deprived Price of his benefits without providing him with any reasoning as to why.

Defendants' argument that the reasoning set forth in the Panel's majority opinion forecloses any conclusion that the Board's decision was made with culpability or bad faith is unpersuasive because the Board provided no reasoning as to why it was denying Price's benefits.

4

The majority's opinion simply provides scenarios where the Board *could have* read Defendants' employee benefit plan in a manner in which it concluded Price's benefits did not vest. But without an actual explanation from the Board, the reasoning in the Panel majority's opinion as to why the Board made the decision that it did is mere speculation. This factor weighs in Plaintiff's favor.

## 2. Ability to Satisfy an Award on Attorney's Fees

Defendants are a large, multi-employer, welfare pension fund. Defendants' concede that they "will not be rendered insolvent if required to pay an award of attorney fees and costs," but argue that an award of attorney's fees would be premature because this Court's decision on Plaintiff's Second Motion for Judgment on the Administrative Record is being appealed. (Doc. 65 at 3.)

Defendants' cite no case law in support of their position that a decision on this Second Motion for Attorney's Fees would be premature. Moreover, that is not the relevant inquiry under this second *King* factor. Because Defendants advance no argument that they will be unable to satisfy an award on attorney's fees, this Court finds this factor weighs in Plaintiff's favor.

## 3. Deterrent Effect of an Award on Other Persons Under Similar Circumstances

Plaintiff argues an award of attorney's fees will prompt the Board and boards in other cases to evaluate benefit claims more carefully prior to terminating them. Defendants argue that this factor should weigh in their favor because the Board followed its amendment procedures and did not "cavalierly" terminate Price's benefits.

The relevant inquiry under this third *King* factor is whether a fee award would have a deterrent effect on other plan administrators. *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 532 (6th Cir. 2008). This factor is necessarily tied to the first, since this factor "is one that is likely to

5

have more significance in a case where the defendant is highly culpable." *Foltice*, 98 F.3d at 937. Defendants' conduct was culpable because no reasoning for denying Price benefits after it had one so for years was provided by the Board. Moreover, the facts of this case "are not so unique that they fail to serve any deterrence value" on other plan administrators in similar circumstances. *Moon*, 461 F.3d at 645; *see e.g., Bennett v. Kemper Nat'l Servs.*, 415 F.3d 547, 556 (6th Cir. 2006) (where an administrator's decision "reads like a conclusion, not a deliberate principled reasoning process . . . supported by substantial evidence," it "cannot withstand scrutiny under the arbitrary or capricious standard of review") (internal quotations and citations omitted); *Glenn v. Metlife*, 461 F.3d 660, 674 (6th Cir. 2006) (finding that a plan administrator's decision to deny long-term benefits was "not the product of a principled and deliberative reasoning process," where, *inter alia*, it offered no explanation as to why it credited a certain form filled out by one doctor). This factor weighs in Plaintiff's favor.

### 4. Whether the Party Requesting Fees Sought to Confer a Common Benefit or Resolve Significant Legal Questions Regarding ERISA

Price concedes that this factor does not weigh in his favor, since he filed a claim for his own benefit, but notes that the decision reached in this case benefits similarly situated plan participants. Because Price concedes he is not seeking to confer a common benefit, and because he advances no argument that this case resolves significant legal questions on ERISA, this *King* factor weighs in Defendants' favor.

### 5. The Relative Merits of the Parties' Positions

The Court found Price's position in this case was meritorious. Defendants' argument that the Panel majority's position supports their position and, therefore, this "factor is neutral, or weighs only slightly to plaintiff's benefit" is unconvincing. First, this Court has adopted the reasoning set forth in the Panel's concurring opinion. (Doc. 62 at 6.) Second, the Panel majority

6

clarified at the end of it opinion that it did not intend to decide the issue in this case for this Court:

> Although we have undertaken a brief and cursory review of the terms of the Plan and its use of the term 'vest,' we do not intend to prejudge the outcome of this case on remand under the arbitrary and capricious standard. Rather, we do so both in response to the arguments raised by Price in his brief and, in light of the alternative framework proposed by the concurrence, to provide a clear and appropriate starting point from which the district court may engage in its own analysis on remand.

*Price*, 632 F.3d at 298 n.5. This last factor weighs in Plaintiff's favor. Because four of the five *King* factors weigh in Price's favor, this Court will now determine whether the attorney's fees claimed are reasonable.

*B. Reasonableness of Fees*

The starting point for determining the amount of reasonable attorney's fees is the "lodestar" amount. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). This amount is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* "Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986).

<u>1. Hours Reasonably Expended</u>

In determining the hours reasonably expended by a prevailing party's counsel:

> [t]he question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief requested. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.

*Woolridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1173 (6th Cir. 1990). Price submits a billing statement detailing hours billed during the duration of this case, from September 1, 2007 to September 12, 2011. In total, Price's counsel has billed 135.4 hours on this case. Defendants have not objected to the hours Price claims. After reviewing Defendants' detailed billing record, this Court does not find any of these hours to be excessive; rather, they are reasonable in light of the motion practice and appeal to the Sixth Circuit in this case.

2. Reasonable Hourly Rates

Because this case began in September 2007 and continues through the present, Price's counsel's rates have fluctuated. As a result, Price suggests that reasonable rates in this case are as follows:

| Time Period | Rate (per hour) | Hours During Time Period | Total |
|---|---|---|---|
| Sept. 8, 2007–Dec. 31, 2009 | $300.00 | 79.6 | $23,880.00 |
| Jan. 1, 2010–June 30, 2011 | $350.00 | 52.9 | $18.515.00 |
| July 1, 2011–present | $365.00 | 2.9 | $1,058.50 |
| **TOTAL** | | **135.4** | **$43,453.50** |

Price's counsel submitted an affidavit in which he opines that his rates are reasonable based on his 22 years of practice as an ERISA attorney. His experience includes lead counsel on several matters before this Court, the Northern District of Ohio, and the Sixth Circuit. Price's counsel provides examples of cases in this Court and this Circuit where rates between $300–350 per hour have been deemed reasonable in the ERISA context. Price's counsel also explains that he currently has several clients that have retained him at an hourly rate of $365. Based on the rationale in the affidavit, and because the Defendants do not object to Price's counsel's rates as unreasonable, this Court finds the proposed hourly rates are reasonable.

8

The affidavit also reflects costs for filing fees, legal research, travel, and certified mail that, in sum, equal $992.95. None of these costs appear to be excessive. The total amount of attorney's fees Price is requesting, therefore, is $44,446.45. This lodestar amount of $44,446.45 is presumed reasonable in light of this Court's finding that the hours and hourly rates are reasonable.

## V. CONCLUSION

For the foregoing reasons, Price's Second Motion for Attorney's Fees is **GRANTED**, and Defendants are **ORDERED** to pay Price the requested fees of $44,446.45.

**IT IS SO ORDERED.**

                **s/Algenon L. Marbley**
                **Algenon L. Marbley**
                **United States District Court Judge**

**DATE: September 10, 2012**